UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-cv-489 |
| ) | |
| WILLIAM J. REDMAN, SHERIFF, ) | |
| ST. JOSEPH COUNTY, INDIANA, in his ) | |
| official and individual capacities, ) | |
| ) | |
| Defendant. ) | |

**Complaint for Declaratory and Injunctive Relief and Damages**

**Introduction**

1.      For decades, the United States Supreme Court has recognized that the freedom to read and correspond with the outside world while incarcerated carries important benefits to both prisoners and society as a whole. To this end, plaintiff, the Human Rights Defense Center ("HRDC" or "plaintiff"), provides incarcerated persons across the United States with publications about their legal and civil rights, as well as options for accessing education while incarcerated. Some of these publications are periodicals and some are books. At times HRDC will send information that is requested by prisoners and at other times HRDC will send information unsolicited to assist prisoners and in furtherance of its mission to educate incarcerated persons.

2.      Defendant, William J. Redman, the St. Joseph County Sheriff ("Sheriff"), has a

policy that prohibits prisoners from receiving periodicals unless they are by subscription and unless the periodical received is the current issue of the subscription. Based on this policy, the Sheriff has rejected a number of periodicals that HRDC has attempted to send to prisoners at the St. Joseph County Jail. At times, but not always, the Sheriff has also prohibited HRDC's periodicals because they contain staples. At no time has the Sheriff provided an opportunity for HRDC to be heard concerning the censoring of these materials.

3. The actions of the Sheriff violate the First Amendment rights of HRDC as well as procedural due process. HRDC is entitled to declaratory and injunctive relief and damages.

**Jurisdiction, venue, cause of action**

4. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

8. The Human Rights Defense Center is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the state of

Washington and with principal offices in Lake Worth, Florida. The purpose of HRDC is to educate and assist prisoners and to inform the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society. HRDC accomplishes its mission through advocacy, litigation, and the publication and distribution of books, magazines, and other information concerning prisons and prisoner rights.

9. William Redman is the Sheriff of St. Joseph County, Indiana, and, as such, is the duly elected head of the St. Joseph County Police Department, which operates the St. Joseph County Jail. He has ultimate responsibility for the promulgation and enforcement of all Jail policies, practices, and procedures, including the policies, practices, and procedures relating to mail and the reading material that is available to prisoners. He is sued in both his individual and official capacities.

**Facts**

10. For more than 30 years, HRDC's mission has been public education, advocacy, and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a salutary effect on public safety.

11. To accomplish its mission, HRDC publishes and distributes books, magazines, and other materials containing news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison

conditions, and other matters pertaining to the rights and interests of incarcerated individuals.

12. HRDC has thousands of customers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. Since its creation in 1990, HRDC has sent its publications to prisoners and librarians in more than 3,000 correctional facilities located across all fifty states, including the Federal Bureau of Prisons and various facilities within the State of Indiana.

13. HRDC publishes and distributes a 72-page monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights* ("*Prison Legal News*"), which contains news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court opinions, management of prison facilities, prison conditions, and other matters pertaining to the rights and interests of incarcerated individuals. It is frequently used as a resource by prisoners. In 2013, *Prison Legal News* received the First Amendment Award from the Society of Professional Journalists.

14. More recently, HRDC also began publishing a second monthly magazine, *Criminal Legal News*. This magazine focuses on review and analysis of individual rights, court rulings, and news about criminal justice-related issues. It is also a valuable resource for prisoners.

15. In July of 2021 HRDC sent back issues of *Prison Legal News* and *Criminal Legal News* to ten prisoners confined in the St. Joseph County Jail.

16. The prisoners had not sought the publications from HRDC. However, HRDC was able to determine from publicly available information that the prisoners who they selected to receive the periodicals were charged with serious offenses and could likely use the information provided in the publications. HRDC frequently sends publications to prisoners who had not sought them to further HRDC's mission of public education and outreach.

17. The issues of *Prison Legal News* and *Criminal Legal News* were rejected by the St. Joseph County Jail and notices were sent to HRDC indicating that the publications must be by subscription and must be a current issue. No other reason for rejection was given, A copy of one of the rejection notices is attached to this complaint as Exhibit 1. (Prisoners' names have been redacted from all exhibits).

18. The notice indicates that the publication would be put with the prisoner's property and that it could be retrieved when the prisoner was released from the Jail.

19. At no time did the Sheriff or his office provide HRDC an opportunity to be heard concerning the refusal to allow back issues of HRDC's magazines to be received by the prisoners.

20. Additionally, HRDC provided the same ten prisoners with free subscriptions to *Prison Legal News* for nine months and *Criminal Legal News* for six months, beginning with the August 2021 issues.

21. The August 2021 issue of *Prison Legal News* was rejected by the St. Joseph County

Jail. The August 2021 issue was the current issue and was sent pursuant to the free subscriptions described in paragraph 20. Notices were sent to HRDC indicating that the publications must be by subscription and also that the publication was rejected for "staples." A copy of one of the rejection notices is attached to this complaint as Exhibit 2.

22. At no time did the Sheriff or his office provide HRDC an opportunity to be heard concerning the refusal to allow the August 2021 issue of *Prison Legal News* to be received by the prisoners.

23. In September of 2021, plaintiff again sent current issues of *Criminal Legal News* to prisoners in the St. Joseph County Jail pursuant to the free subscriptions described in paragraph 20. Plaintiff received eight rejection notices from defendant indicating that the publications must be by subscription. A copy of one of the rejection notices is attached to this complaint as Exhibit 3.

24. At no time did the Sheriff or his office provide HRDC an opportunity to be heard concerning the refusal to allow the September 2021 issue of *Criminal Legal News* to be received by the prisoners.

25. In April 2022, HRDC provided free six-month subscriptions to *Prison Legal News* and *Criminal Legal News* to an additional six prisoners at the St. Joseph County Jail. The subscriptions were not requested but were sent because HRDC believed the magazines would be of interest and use to the prisoners.

26. The April 2022 issue of *Prison Legal News* was rejected by the St. Joseph County

Jail. Notices were sent to HRDC indicating that the publications must be by paid subscription and that the publication was rejected for "staples." A copy of one of the rejection notices is attached to this complaint as Exhibit 4.

27.     The May 2022 issue of *Criminal Legal News* was rejected by the St. Joseph County Jail. The May 2022 issue was the current issue. Rejection notices were sent to HRDC indicating "not a paid subscription" and also that the publication was rejected for "staples." A copy of one of the rejection notices is attached to this complaint as Exhibit 5.

28.     On information and belief, the other issues of *Prison Legal News* and *Criminal Legal News* sent to the St. Joseph County Jail pursuant to the free subscriptions were also rejected, although HRDC did not receive notices to that effect.

29.     At no time did the Sheriff or his office provide HRDC an opportunity to be heard concerning the refusal to allow its publications to be received by the prisoners at the St. Joseph County Jail.

30.     As part of its advocacy work, HRDC wishes to continue to send issues of *Prison Legal News* and *Criminal Legal News* to prisoners at the St. Joseph County Jail, even though prisoners have not subscribed to the periodicals.

31.     The Sheriff's ban on HRDC's periodicals is not supported by a rational connection to a legitimate penological interest.

32.     There are no alternative means for HRDC to communicate the information

contained in its magazines to the prisoners in the St. Joseph County Jail.

33. Allowing prisoners to receive non-current issues of *Prison Legal News* and *Criminal Legal News* and current issues to which the prisoners have not specifically subscribed would not negatively affect correctional officers, other prisoners, or prison resources.

34. A ready alternative to the challenged policy is for the Sheriff to treat the *Prison Legal News* and *Criminal Legal News* sent by HRDC in the same way as publications that are accepted in the Jail.

35. If defendant has a policy of keeping all staples out of the St. Joseph County Jail, a ready alternative to banning plaintiff's publications is for employees at the Jail to remove the staples that secure both *Prison Legal News* and *Criminal Legal News.* As another district court noted when faced with a similar objection by a jail, "[s]imply removing staples from an issue of [*Prison Legal News*] or [*Criminal Legal News*] takes no more time than completing and sending a confiscation form." *Human Rights Defense Center v. Southwest Virginia Regional Jail Authority*, 396 F. Supp. 3d 607, 623 (W.D. Va. 2019) (finding that the jail's ban violated the First Amendment).

36. At all times relevant to this complaint defendant has acted and has refused to act under color of state law.

37. HRDC has been damaged by the actions and inactions of the Sheriff.

38. HRDC is being caused irreparable harm for which there is no adequate remedy at law.

**Claims**

39. Defendant's refusal to distribute unsolicited copies of *Prison Legal News* and *Criminal Legal News* to prisoners within the St. Joseph County Jail violates the First Amendment, as do any policies authorizing such refusal.

40. Defendant's failure to provide an opportunity to be heard by HRDC concerning the Jail's refusal to allow the distribution of copies of the *Prison Legal News* and *Criminal Legal News*, violates procedural due process as guaranteed by the Fourteenth Amendment.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Declare that Defendant's actions and inactions violate the United States Constitution for the reasons noted above.

3. Enter a preliminary injunction, later to be made permanent:

   a. preventing Defendant from prohibiting prisoners from receiving publications from Plaintiff sent to St. Joseph County Jail prisoners solely because they are unsolicited, not by subscription, not current issues, and/or because they contain staples.

   b. requiring Defendant to provide notice to Plaintiff and an opportunity to be heard when Defendant refuses to allow any of Plaintiff's publications to be received by prisoners in the St. Joseph County Jail.

4. Award Plaintiff its damages, including nominal damages.

5. Award Plaintiff its costs and reasonable attorneys' fees pursuant to 42

U.S.C. § 1988.

6. Award all other proper relief.

                          Kenneth J. Falk
                          Stevie J. Pactor
                          ACLU of Indiana
                          1031 E. Washington St.
                          Indianapolis, IN 46202
                          317/635-4059
                          fax: 317/635-4105
                          kfalk@aclu-in.org
                          spactor@aclu-in.org


`                        Daniel Marshall, Fla. Bar #617210*
                          Jesse Isom, Fla. Bar #98588*
                          Human Rights Defense Center
                          P.O. Box 1151
                          Lake Worth, FL 33460
                          Tel: (561) 360-2523
                          Fax: (561) 828-8166
                          dmarshall@hrdc-law.org
                          jwisom@humanrightsdefensecenter.org

                          * Pro hac vice applications to be filed

                          Attorneys for Plaintiff